# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2025-0288
Lower Tribunal No. 2024-CA-002809-O

_____

KATHRYN WYRICK,

Appellant,

v.

MILLENNIAL CAPITAL COMPANY, LLC and GREP SOUTHEAST, LLC,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Patricia L. Strowbridge, Judge.

March 20, 2026

PER CURIAM.

This is a nonfinal appeal from an order compelling arbitration. Kathryn Wyrick lived at an apartment complex owned by Millennial Capital Company, LLC ("Millennial") and managed by GREP Southeast, LLC ("Greystar"). She vacated the unit at the end of her lease and was thereafter charged a fee based on her alleged failure to notify Greystar and Millennial (collectively "Appellees") sixty days before the end of the lease term that she intended to leave at the end of her lease. Wyrick

filed suit, intending to bring a class-action, against Appellees on the premise that Appellees violated Florida law when they sought to collect fees from her.

Appellees asserted below that the action should be compelled to arbitration. They relied on two arbitration agreements to which they are not parties. Wyrick is a party to both of the arbitration agreements. The trial court compelled arbitration after finding that arbitration agreements exist and that under the agreements, questions of arbitrability are to be decided by an arbitrator.

On appeal, Wyrick contends that the trial court erred by: 1) failing to decide whether the Federal Arbitration Act ("FAA") authorized the matter to be compelled to arbitration; 2) deciding that an agreement to arbitrate the dispute was formed; and 3) delegating to an arbitrator the question of whether Appellees can enforce the arbitration provisions as non-signatories to the agreements. We affirm.

Questions of arbitrability are "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)) (alteration in original); *see also O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So. 2d 181, 186 (Fla. 2006) (citing the same). It is undisputed that the arbitration agreements at issue in this case contain delegation clauses. The dispute in this appeal centers around whether

Appellees can enforce the arbitration agreements and invoke the delegation provisions.

Our supreme court has held that the incorporation by reference of arbitration rules that "expressly delegate arbitrability" is clear and unmistakable evidence of an "intent to empower an arbitrator to resolve questions of arbitrability." *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 704 (Fla. 2022). The arbitration agreements at issue in this case incorporate by reference the rules and procedures outlined by the Judicial Arbitration and Mediation Services, Inc. ("JAMS"). Of import, rule 11(b) reserves to the arbitrator "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration[.]" JAMS Comprehensive Arb. Rules & Procs., Rule 11(b). The language of rule 11(b) "is clear and unmistakable and expressly delegates arbitrability determinations to the arbitrator." *Airbnb*, 336 So. 3d at 705; *see id.* (acknowledging that "[w]hen the parties' contract delegates the arbitrability question to an arbitrator . . . a court possesses no power to decide the arbitrability issue" and that "[j]ust as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator" (quoting *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68–69 (2019) (alterations in original))).

3

We acknowledge that other courts have concluded that it is for courts rather than arbitrators to decide whether a non-signatory can compel a signatory to arbitration. *See, e.g.*, *Integrated Health Servs. at Cent. Fla., Inc. v. Est. of DeSantis ex rel. DeSantis*, 407 So. 3d 547, 550 n.4 (Fla. 2d DCA 2025) (rejecting non-signatory's assertion that an arbitrator, rather than the court, should decide the issue of whether the non-signatory may compel arbitration); *Odum v. LP Graceville, LLC*, 277 So. 3d 194, 196 (Fla. 1st DCA 2019) ("[I]t always remains the trial court's role to determine whether the parties entered into an agreement before enforcing that agreement by compelling arbitration."); *Shireman v. Tracker Marine, LLC*, No. 3:18-cv-740-J-34MCR, 2019 WL 13267902, at *9 (M.D. Fla. Mar. 12, 2019) ("[C]ourts, rather than arbitrators, must determine whether a non-signatory to a contract containing an arbitration agreement can compel a signatory to submit to arbitration."). Those cases, however, do not appear to deal with the provision before this court which states that it is for the arbitrator to decide who the proper parties to the arbitration are. Thus, under the facts of this case we conclude that the trial court correctly deferred to the arbitrator on the question of whether Appellees, as non-signatories, may enforce the arbitration agreement, among the other questions of arbitrability at issue. Accordingly, we affirm.

AFFIRMED.

TRAVER, C.J., and NARDELLA and PRATT, JJ., concur.

4

Joseph M. Sternberg and M. Parker Landers, of Landers & Sternberg, PLLC, Orlando, and Robert W. Murphy, of Law Office of Robert W. Murphy, Charlottesville, Virginia, and Shelby Leighton, of Public Justice, Washington, D.C., Pro Hac Vice, and Hannah Kieschnick, of Public Justice, Oakland, California, Pro Hac Vice, for Appellant.

Roberto M. Vargas, Scott G. Hawkins, and Stephen C. Richman, of Jones Foster, P.A., West Palm Beach, for Appellee, Millennial Capital Company, LLC.

Kristen M. Fiore, of Akerman LLP, Tallahassee, and Howard Jay Harrington, of Akerman LLP, Jacksonville, and Jeffrey B. Pertnoy, of Akerman LLP, Miami, for Appellee, GREP Southeast, LLC.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED